```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

IRBY FITCH, BRITTANY FITCH,                    CIVIL ACTION
DOROTHY STEWART, ET AL.

VERSUS                                         NO: 08-1639 c/w
                                               09-3466
                                               Ref. 08-1639

WELLS FARGO BANK, N.A. F/K/A                   SECTION: R(3)
WELLS FARGO HOME MORTGAGE,
INC.

## ORDER AND REASONS

Before the Court is defendant Wells Fargo Bank, N.A.'s motion to dismiss. (*See* R. Doc. 22.[1]) For the following reasons, Wells Fargo's motion is GRANTED.

### I. BACKGROUND

### A. This Action

Plaintiffs Irby Fitch, Brittany Fitch and Dorothy Stewart

---

[1] Unless otherwise indicated, all record citations refer to the docket of civil action number 08-1639.

filed this putative class action against Wells Fargo on April 14, 2008, claiming violations of the Real Estate Settlement Procedures Act (RESPA), see 12 U.S.C. §§ 2601, et seq., and various state laws.[2]  Plaintiffs allege that Wells Fargo improperly assessed and collected Broker Price Opinion (BPO) fees in excess of its actual costs and that Wells Fargo's collection and handling of these fees caused them to incur late charges, delinquencies or default.[3]  (R. Doc. 1 ¶¶ 2-5.)

Wells Fargo's motion for summary judgment concerns plaintiffs' Chapter 13 consumer bankruptcy cases currently pending in the United States Bankruptcy Court for the Eastern District of Louisiana.  *See In re Stewart*, Bankr. No. 07-11113 (Magner, Bankr. J.); *In re Fitch*, Bankr. No. 07-11319 (Magner, Bankr. J.).  Wells Fargo contends that plaintiffs have already litigated their BPO claims in bankruptcy court and are precluded from doing so again in this Court.

The Court exercises federal question jurisdiction over

---

[2] Plaintiffs' putative class action complaint against Wells Fargo was filed under civil action number 08-1639.  On August 18, 2009, plaintiffs' action was consolidated in this Court with a similar putative class action complaint filed by Troy Lynn Morrison.  *See Troy Lynn Morrison v. Wells Fargo Bank N.A.*, Civ. A. No. 09-3466.

[3] A BPO is a method for determining the value of a mortgaged property.

2

plaintiffs' RESPA claims and supplemental jurisdiction over their state law claims. *See* 28 U.S.C. §§ 1331, 1367(a). Neither party contends that plaintiffs' action should be referred or transferred to the bankruptcy court.

**B.    The Stewart Bankruptcy**

Stewart filed for chapter 13 bankruptcy protection on June 12, 2007. *In re Stewart*, Bankr. No. 07-11113 (R. Doc. 1). As the servicer of Stewart's home mortgage, Wells Fargo filed several proofs of claim asserting rights to amounts allegedly owed by Stewart under her mortgage agreement. *See id.* (Claims Reg. Nos. 1-1, 3-1, 5-1, 8-1, 9-1, 9-2). Of particular relevance to this case is claim 3-1 filed on August 20, 2007. *Id.* (Claim Reg. No. 3-1). Claim 3-1 asserts a right to, *inter alia*, $1,013 in "Other amounts for Inspection Fees, Appraisal Fees, NSF Check Charges, and Other Charges." *Id.* Stewart objected to this claim on August 23, 2007. *See id.* (R. Doc. 24). Following extensive litigation and orders requiring Wells Fargo to account for pre-petition fees and costs, *see id.* (R. Doc. 34), and to disclose post-petition accrued charges and fees, *see id.* (R. Docs. 56-57), the bankruptcy court issued a decision on April 10, 2008. The decision found, *inter alia*, that Wells Fargo charged BPO fees in violation of the terms of Stewart's mortgage and RESPA. *Id.* (R

3

Doc. 61 at 28-29). The bankruptcy court assessed damages and sanctions in the amount of $27,350 and ordered Wells Fargo to file an amended proof of claim. *Id.* (R. Doc. 62).

On April 18, 2008, Wells Fargo appealed the bankruptcy court's decision to the district court. *Id.* (R. Doc. 65). One of the issues on appeal was whether Wells Fargo violated Stewart's mortgage or otherwise acted improperly by assessing and collecting certain fees, costs and charges, including BPO fees. *See In re Stewart*, Civ. A. No. 08-3225 (R. Doc. 1). On August 7, 2009, Judge Helen Berrigan affirmed the bankruptcy court's decision. *See id.* (R. Doc. 72 at 8-11). Wells Fargo appealed the district court's decision to the Fifth Circuit on September 4, 2009, *see id.* (R. Doc. 76), and the appeal is currently pending. Stewart has not appealed any aspect of the bankruptcy court's decision.

Wells Fargo filed amended proofs of claim on April 28 and June 27, 2008 that include two authorized BPO fees in the amount of $50 each. *In re Stewart*, Bankr. No. 07-11113 (claims Reg. Nos. 9-1, 9-2). It does not appear that Stewart has objected to these proofs of claim.

**B. The Fitch Bankruptcy**

At least for purposes of this order, the *Fitch* bankruptcy

has followed a substantially similar trajectory. The Fitchs filed for chapter 13 bankruptcy protection on July 13, 2007. *See In re Fitch*, Bankr. No. 07-11319 (R. Doc. 1). As the servicer of their home mortgage, Wells Fargo filed proofs of claim asserting rights to amounts allegedly owed by the Fitchs under their mortgage agreement. *See id.* (claims Reg. Nos. 4-1, 5-1, 5-2). On September 5, 2007, the Fitchs objected to Claim 4-1, which asserted a right to, *inter alia*, $380 in "Other amounts for Inspection Fees, Appraisal Fees, NSF Check Charges, and Other Charges." *Id.* (R. Doc. 11). The Fitchs also served Wells Fargo with a "qualified written request" under RESPA seeking information about their loan balance. *Id.* On October 12, 2007, the bankruptcy court disallowed Wells Fargo's claims for appraisal and property inspection fees, including BPO fees, because Wells Fargo did not respond with sufficient proof of those amounts. *Id.* (R. Doc. 15). On April 18, 2008, after further litigation, the bankruptcy court assessed $3,500 in damages under RESPA and ordered Wells Fargo to file an amended proof of claim. *Id.* (R. Docs. 43, 44, 47).

Wells Fargo appealed the bankruptcy court's decision to the district court on April 25, 2008. *Id.* (R. Doc. 65.) Two of the issues on appeal appear to have been whether the bankruptcy court erred in (1) finding Wells Fargo liable under RESPA, and (2)

5

disallowing certain BPO fees.[4] *Id.* (R. Doc. 54). Wells Fargo's appeal was ultimately consolidated with its appeal in the *Stewart* litigation. (Civ. A. No. 3852, R. Doc. 21.) Judge Berrigan rejected Wells Fargo's appeal on August 7, 2009, and Wells Fargo has sought review in the Fifth Circuit. *See id.* (R. Docs. 23, 24.) Fitch has not appealed any aspect of the bankruptcy court's decision.

Wells Fargo filed amended proofs of claim on May 2 and 6, 2008 that apparently do not include any BPO fees. *Id.* (*see* Claims Reg. Nos. 5-1, 5-2).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the

---

[4] Wells Fargo asserts that it did not appeal the bankruptcy court's disallowance of BPO fees in the *Fitch* litigation. Wells Fargo cites to record document number 54 of the Fitchs' bankruptcy case, but this document states that the second issue on appeal is: "Whether the Bankruptcy Court erred in disallowing the charges for the broker price opinions and inspections included in the Wells Fargo claims against the estate?" *See In re Fitch*, Bankr. No. 07-11319 (R. Doc. 54). It is not entirely clear what Wells Fargo is getting at, but the Court does not find that Wells Fargo did not appeal the bankruptcy court's decision with respect to the BPO fees. It appears possible, however, that Wells Fargo waived its appeal of BPO issues in the *Fitch* bankruptcy litigation. (*See* Civ. A. No. 08-3852, R. Doc. 22 at 1 n.1; *see also* Civ. A. No. 3225, R. Doc. 53 at 20.) In any event, the specific issues that Wells Fargo appealed in the *Fitch* bankruptcy litigation does not affect the outcome of this decision.

6

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or

7

"showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith for and on Behalf of Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

## III. DISCUSSION

### A. *Res Judicata*

Wells Fargo asserts that plaintiffs' claims are barred by *res judicata* because they were already adjudicated in their bankruptcy case.

The doctrine of *res judicata*, or claim preclusion, bars

8

relitigation of claims "that have been litigated or should have been raised in an earlier suit." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007). *Res judicata* "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."[5] *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A bankruptcy judgment will bar a subsequent suit when: (1) the parties are identical in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was final and on the merits; and (4) the same claim or cause of action was involved in both cases. *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993); *In re Ark-La-Tex*, 482 F.3d at 330. There is no dispute that the parties in this action and the *Stewart* and *Fitch* bankruptcies are identical. The parties dispute the other three prongs of the *res judicata* analysis.

**B.    *Stewart's Claims are Barred by Res Judicata***

    1.   <u>The bankruptcy court had core jurisdiction over Stewart's claims.</u>

---

[5] The determination of *res judicata* in this case is governed by federal law. *See In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 nn.12, 17 (5th Cir. 2007).

The Court finds that the bankruptcy court had core jurisdiction to determine Stewart's BPO claims. A bankruptcy court has subject matter jurisdiction to hear proceedings that are at least related to a bankruptcy case. *See* 28 U.S.C. §§ 157(a); 1334(b). The bankruptcy court may determine "core" proceedings but only make recommendations to the district court with respect to "non-core" proceedings. *See* 28 U.S.C. §§ 157(b)(1), (c)(1). Core proceedings include, *inter alia*, proceedings concerning the allowance or disallowance of claims against the estate, counterclaims against persons filing claims against the estate, and other proceedings affecting the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(B), (C), (O). It is clear that core proceedings may give rise to *res judicata*. *See In re Baudoin*, 981 F.2d at 741-42. It is less clear whether non-core proceedings give rise to *res judicata*. *See id.* at 740 (declining to determine whether proceedings must be core to satisfy second prong of *res judicata* analysis). The Court need not resolve this debate because Stewart's BPO claims were core proceedings.

Stewart's BPO claims are at least related to Wells Fargo's proofs of claim because both involve the same debtor-creditor relationship, the same mortgage agreement and the same BPO fees. *In re Baudoin*, 981 F.2d at 741; *see also* 1-3 Collier on Bankr. P

10

3.02, § (3)(d)(i) (2009) (counterclaims arising out of same transaction at least related to bankruptcy case). Although Stewart's BPO claims were individually small, the Court cannot say that their resolution did not have any conceivable impact on her rights, liabilities or estate in bankruptcy. *See Lone Star Fund V(US) v. Barclays Bank PLC*, __F.3d__, 2010 WL 60897, at *2 (5th Cir. 2010) ("Related to" jurisdiction exists when a "proceeding could conceivably affect the estate being administered in bankruptcy."). Accordingly, the Court finds that the bankruptcy Court had at least related to jurisdiction to hear Stewart's lender liability claims.

The Court further finds that the bankruptcy court's jurisdiction was core. Stewart objected to Wells Fargo's proofs of claim on the grounds that they included illegal BPO fees. Litigation ensued bearing directly on the "allowance or disallowance" of these BPO fees. *See* 28 U.S.C. § 157(b)(2)(B). Indeed, the bankruptcy court disallowed all of Wells Fargo's BPO fees except two in the amount of $50 each. Because Stewart's BPO claims were direct challenges to Wells Fargo's proofs of claim, they were core proceedings that the bankruptcy court had jurisdiction to determine. *See* 28 U.S.C. § 157(b)(2)(B).

  2. <u>The bankruptcy court's prior decision was final and on</u>

the merits.

If a debtor in bankruptcy files an objection to a creditor's proof of claim, the bankruptcy court must allow or disallow the claim after determining its proper amount.  11 U.S.C. §§ 502(b), 1305(b).  A bankruptcy court decision allowing or disallowing a proof of claim pursuant to § 502 gives rise to *res judicata* in subsequent litigation.  *See, e.g.*, *Katchen v. Landy*, 382 U.S. 323, 334 (1966) (normal rules of *res judicata* apply to decisions of bankruptcy courts); *In re Baudoin*, 981 F.2d at 742 ("[O]ur prior holdings . . . establish that an order allowing a proof of claim is, likewise, a final judgment."); *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625 (2d Cir. 2007) (holding that bankruptcy court order allowing proof of claim is final judgment for *res judicata* purposes).

On April 10, 2008, in response to Stewart's objection to Wells Fargo's proof of claim, the bankruptcy court found that Wells Fargo had charged certain BPO fees in violation of the terms of Stewart's mortgage and RESPA.  *Id*. (R Doc. 61 at 28-29). The bankruptcy court allowed two BPO fees in the amount of $50 each, and disallowed seven others.  *Id.*  Shortly after issuing its decision, the bankruptcy court entered a judgment assessing damages against Wells Fargo for, *inter alia*, unlawfully assessing BPO fees.  *Id.* (R. Doc. 62).  Stewart did not appeal any aspect

of this judgment.  That Wells Fargo's appeal is still pending before the Fifth Circuit does not alter the judgment's finality. *See, e.g.*, *Stoll v. Gottlieb*, 305 U.S. 165, 170  (1938) (bankruptcy court decision is final until reversed or modified); *In re Quintana*, 247 F. App'x 564, 565 (5th Cir. 2007) (*per curiam*) (bankruptcy court decision pending on appeal gives rise to *res judicata*); *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co. of Vidalia, Ga.*, 510 F.2d 272 (5th Cir. 1975) (*per curiam*) ("A case pending appeal is res judicata . . . unless and until reversed on appeal."), *cert. denied*, 423 U.S. 864 (1975). Nor does Stewart contend that Wells Fargo improperly charged new BPO fees after the bankruptcy court's decision.  Thus, the bankruptcy court's decision was final and on the merits for purposes of *res judicata* and precludes Stewart from relitigating the same BPO claims in this Court.

   3.  <u>The same claim or cause of action was involved in both cases.</u>

To determine whether the same claims are involved in two different actions for purposes of *res judicata*, the Court applies the "transactional test" provided in the Restatement (Second) of Judgments, § 24.  *In re Ark-La-Tex*, 482 F.3d at 330; *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

13

Under this approach, the Court asks whether the two actions are "based on the same nucleus of operative facts." *In re Baudoin*, 981 F.2d at 743. It is the "nucleus of operative facts" in the first action, rather than the "facts litigated" or the "type of relief requested, substantive theories advanced, or types of rights asserted, [that] defines the claim." *United States v. Davenport*, 484 F.3d 321, 326, 327 (5th Cir. 2007). The determination is a practical weighing of various factors, including "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Davis*, 383 F.3d at 313. Furthermore, "[i]f the cases are based on the same nucleus of operative facts, the first judgment's preclusive effect "extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davenport*, 484 F.3d at 326. Mere ignorance of a potential claim without a showing that the facts giving rise to the claim were undiscoverable or somehow concealed is insufficient to avoid the preclusive effect of *res judicata*. *In re Howe*, 913 F.2d 1138, 1147 (5th Cir. 1990).

Stewart contends that the BPO claims raised in this action

are more extensive in scope than the BPO claims raised in her bankruptcy case. She points out that she raises RESPA, fiduciary duty and state law claims that were not raised in her bankruptcy case. Although true, this fact does not help Stewart.

It is not the "type of relief requested, substantive theories advanced, or types of rights asserted" that determines the application of *res judicata*. *Davenport*, 484 F.3d at 326, 327. Instead, the issue is whether the two actions are based on the same nucleus of operative facts. *See In re Baudoin*, 981 F.2d at 743. As already discussed, Stewart's BPO claims before this Court are based on the same nucleus of operative facts as the BPO claims that she already litigated before the bankruptcy court. Specifically, both involve the same debtor-creditor relationship, the same mortgage agreement, and the same overcharges. *See id.* ("It is difficult to imagine a more common nucleus of operative facts.") That Stewart did not in fact raise all potential claims in her bankruptcy case does not prevent the application of *res judicata* in this case. *See id.* ("Of course . . . a claim or defense which could have been, but was not, asserted is still the 'same claim' for purposes of *res judicata*.").

To the extent Stewart argues that the bankruptcy court lacked core jurisdiction to determine the RESPA, fiduciary duty and other state law claims, she is mistaken. Stewart could have

15

raised all of these claims either as direct challenges to Wells
Fargo's proof of claim, *see* 28 U.S.C. § 157(b)(2)(B), or as
counterclaims against Wells Fargo, *see* 28 U.S.C. § 157(b)(2)(C),
(O); 10-7013 Collier on Bankr. P 7013.05 (2009) (A counterclaim
"may request relief that . . . differs in kind from the relief
sought by the opposing party."). Stewart's lender liability
claims in this Court thus would have fallen "squarely within" the
bankruptcy court's core jurisdiction, and they should have been
raised at that time. *In re Baudoin*, 981 F.2d at 742. They were
not, and now they are barred by *res judicata*. Wells Fargo's
motion to dismiss is GRANTED.

**B.  *The Fitchs' Claims are Barred by Res Judicata***

The Court's determination that Stewart's claims are barred
by *res judicata* applies *mutatis mutandis* to the Fitchs' claims.
On October 12, 2007, in response to the Fitchs' objection to
Wells Fargo's proof of claim, the bankruptcy court disallowed
Wells Fargo's BPO fees. *see In re Fitch*, Bankr. No. 07-11319 (R.
Doc. 15.) On April 18, 2008, after further litigation, the
bankruptcy court assessed $3,500 in damages for Wells Fargo's
RESPA violations. *Id.* (R. Doc. 43, 44, 47.) The Fitchs did not
appeal this order, nor do they assert that it left their BPO
claims unresolved. That Wells Fargo's appeal is still pending

before the Fifth Circuit does not alter the order's finality. *See, e.g.*, *In re Quintana*, 247 F. App'x at 565. The bankruptcy court's order is now *res judicata* with respect to all claims arising out of the same nucleus of operative facts that could have been raised in the Fitchs' bankruptcy case. *See In re Baudoin*, 981 F.2d at 742. The Fitchs' lender liability claims in this Court arise out of the same nucleus of facts because they involve the same debtor-creditor relationship, the same mortgage agreement, and the same overcharges at issue in their bankruptcy case. Moreover, as already discussed, the Fitchs' claims could and should have been raised as core proceedings in their bankruptcy case. They were not, and now they are barred by *res judicata*. The Court GRANTS Wells Fargo's motion to dismiss.

## IV. CONCLUSION

For the reasons stated, Wells Fargo's motion to dismiss is GRANTED.

New Orleans, Louisiana, this __1st__ day of February, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE