UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRBY FITCH, BRITTANY FITCH, DOROTHY STEWART, ET AL. | CIVIL ACTION |
| VERSUS | NO: 08-1639, c/w 09-3466 Ref. 09-3466 |
| WELLS FARGO BANK, N.A. f/k/a WELLS FARGO HOME MORTGAGE, INC. | SECTION: R(3) |

### ORDER

Before the Court is plaintiffs' motion for entry of final judgments pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[1]  For the reasons set forth below, the motion is DENIED.

### I.   BACKGROUND

This case involves two putative class actions, the first brought by Ibry Fitch, Brittany Fitch, and Dorothy Stewart, and

---

[1] (R. Doc. 157.)  Unless otherwise indicated, all record citations refer to the docket in civil action number 08-1639.

the second by Troy Lynne Morrison, which were consolidated on August 16, 2009.[2]  Plaintiffs allege that defendant Wells Fargo improperly assessed and collected Broker Price Opinion (BPO) fees in excess of their actual costs and that Wells Fargo's collection of these fees caused plaintiffs to incur late charges, delinquencies, or default in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*, and various state laws.[3]

    The Court granted Wells Fargo's motion to dismiss the Fitch/Stewart action on February 1, 2010, finding that their claims were barred by *res judicata*.[4]  On April 29, 2010, the Court granted Wells Fargo's motion on the pleadings with regard to Morrison's RESPA claim, as well as Morrison's claims under the Louisiana Unfair Trade Practices Act and for breach of fiduciary duty.[5]  Still pending before the Court is Morrison's motion for class certification on her claims of unjust enrichment, misrepresentation, detrimental reliance, conversion, fraud, conspiracy, unfair and deceptive trade practices, breach of

---

[2]    (R. Doc. 81.)

[3]    (R. Doc. 1; Civ. A. No. 09-3466, R. Doc. 1.)

[4]    (R. Doc. 127.)

[5]    (R. Doc. 155.)

contract, bad faith, and negligence.[6]  Plaintiffs now seek entry of final judgments as to the Court's previous two rulings under Rule 54(b) so that they may be immediately appealed to the Fifth Circuit.[7]

## II. DISCUSSION

Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).  The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."  *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).  It explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice:  "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice

---

[6] (Civ. A. No. 09-3466, R. Doc. 1; Civ. A. No. 09-3466, R. Doc. 18.)

[7] (R. Doc. 157.)

through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay," a determination which is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). A major factor the district court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals.'"  *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).

After weighing the appropriate factors, the Court finds that certification is inappropriate in this case. Plaintiffs fail to convince the Court that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate

appeal." *PYCA Indus., Inc.*, 81 F.3d at 1421 (holding that the district court abused its discretion by certifying an appeal without a finding of hardhip).  Plaintiffs also concede that Morrison "can proceed on her own as an appropriate class representative."[8]  Further, the litigation between Morrison and Wells Fargo remains unresolved and may result in an appeal.  Consequently, the possibility that entry of judgments will produce piecemeal review in this case outweighs any potential danger of denying justice by delay.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES the motion for entry of final judgments pursuant to Rule 54(b).

New Orleans, Louisiana, this 28th day of October, 2010.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[8]   (R. Doc. 157-2 at 3.)